UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON G. ADAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>ROB BONTA, *et al.*,<br><br>  Defendants. | Case No. 2:24-cv-3300-DAD-JDP (PS)<br><br>ORDER |

Plaintiff, proceeding pro se, filed a complaint alleging claims against defendants California Attorney General Rob Bonta, Nevada Attorney General Aaron Ford, and Director of the Consumer Financial Protection Bureau Rohit Chopra. The allegations fail to state a claim. Plaintiff may, if he chooses, to file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

1  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
2  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
3  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
4  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
5  n.2 (9th Cir. 2006) (en banc) (citations omitted).

6  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
7  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
8  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
9  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
10 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
11 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
12 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

13 **Analysis**

14 Plaintiff begins his complaint by requesting a writ of *quo warranto* against defendants
15 Bonta and Ford. ECF No. 1 at 5. Specifically, plaintiff requests that the Attorney Generals be
16 removed "off record" for case 23-2439. *Id.* A writ of *quo warranto* is "used to inquire into the
17 authority by which a public office is held or a franchise is claimed." *Quo Warranto*, Black's Law
18 Dictionary (11th ed. 2019). "Quo warranto is a right of action 'inherently in the government.' A
19 private party does not have standing to bring such a proceeding." *United States v. Machado*, 306
20 F. Supp. 995, 1000 (N.D. Cal. 1969) (quoting *Neb. Territory v. Lockwood*, 70 U.S. 236, 240,
21 1865 WL 10717 (1865)); *see also Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933).
22 Accordingly, plaintiff does not have standing to pursue a writ of *quo warranto* against defendants
23 Bonta and Ford.

24 Plaintiff next alleges that the

25  
26  Ninth Circuit Court of Appeals, Nevada Supreme Court and
    District Court of Nevada keeping documents served and filed off
    record and all documents need to be filed and relief granted. When
27  [plaintiff] filed documents into case 22-70050 they will drop
    [plaintiff's credit] score down to low 500s and will not allow
28

> [plaintiff] to file disputes with Experian, Equifax, Transunion and allowed Ally Financial to take [plaintiff's] car while under Federal Law suit and never served Ally Financial, Equifax, Navient and Aidvantage, Nevada DMV and Speedy Recovery.

ECF No. 1 at 5. The court does not understand what plaintiff seeks to allege. Plaintiff should take care, should he choose to amend, to provide facts underlying the claims he seeks to pursue. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Plaintiff also alleges other vague references to a New Jersey and Nevada child support case. ECF No. 1 at 6. But again, plaintiff does not provide a factual basis underlying any apparent claim. Therefore, plaintiff's complaint, as alleged, is insufficient to proceed past screening.

The court will also take this opportunity to notify plaintiff that when an attorney general is sued in his or her official or individual capacity, the Ninth Circuit has held that absolute immunity applies, except for "any actions that are wholly unrelated to or outside of their official duties." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). And it appears that plaintiff's allegations against defendants Bonta and Ford relate to lawsuits brought by or against them.

Plaintiff may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court is directed to send plaintiff a form complaint.

IT IS SO ORDERED.

Dated: January 28, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4