UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON G. ADAMS, | Case No. 2:24-cv-3300-DAD-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROB BONTA, *et al.*, | |
| Defendants. | |

On January 29, 2025, I screened plaintiff's complaint and dismissed it for failure to state a claim. ECF 4. I ordered plaintiff to file, within thirty days, either an amended complaint or a notice of voluntary dismissal of this action. *Id.* Plaintiff filed neither. Instead, he submitted a document purporting to be objections to the January 29 order, ECF No. 5, and internal agency memoranda from the United States Department of Justice, ECF No. 6. Because those filing could not reasonably be construed as amended complaint, on March 26, 2026, I ordered plaintiff to show cause why this action should not be dismissed. ECF No. 7. I notified plaintiff that if he wished to continue with this lawsuit, he must file an amended complaint. I also warned plaintiff that failure to comply with the March 26 order would result in a recommendation that this action be dismissed. *Id*.

1

In response, plaintiff filed objections that are substantially similar to those he submitted in response to the January 26, 2025 order.[1]  ECF No. 8.  Critically, he did not file an amended complaint or show cause why this action should not be dismissed.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

---

[1] Plaintiff's filing consists of a copy of the court's March 26, 2025 order to show cause and three "Violation Warning" forms.  ECF No. 8.  Each of the forms contains a "citizen's statement" section in which plaintiff lists various provisions of Titles 18 and 42 of the United States Code and the United States Constitution.  Like his earlier filings, this one also cannot reasonably be construed as an amended complaint.  But even plaintiff intended the "Violation Warning" forms to serve as his first amended complaint, it would be subject to dismissal for failure to state a claim given that it is devoid of any factual allegations.

2

Here, plaintiff failed to comply to the order directing him to file an amended complaint or notice of voluntary dismissal. *See* ECF No. 4. Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support imposition of the sanction of dismissal. Lastly, my warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The March 26, 2025 order expressly warned plaintiff that failure to comply with court orders would result in dismissal. ECF No. 7. Plaintiff had adequate warning that dismissal could result from noncompliance. I therefore find that the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby RECOMMENDED that:

1. This action be dismissed without prejudice for failure to prosecute, failure to comply with court orders, and failure to state a claim for the reasons set forth in the court's January 29, 2025 order. *See* ECF No. 4.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 23, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4